ERVIN, Judge.
We find the evidence competent and substantial in support of the trial court’s order modifying the child support award in favor of appellee wife, and it is affirmed. Because of plaintiff’s reliance on Wilson v. Wilson, 351 So.2d 1029 (Fla. 4th DCA 1976), and its requirement that an application for a modification of child support be accompanied by a financial affidavit, we address the first point alleging the lower court erred in refusing to dismiss the wife’s petition for modification of child support since the petition did not have attached to it, as required by Fla.R.Civ.P. 1.611, a financial affidavit. *380 Rule 1.611 does not specifically address the question of what consequences follow when a party fails to attach a financial statement to a support petition.
Wilson reversed an order awarding temporary alimony since the application was neither accompanied by a financial statement nor supported by competent substantial evidence. We do not think the court in Wilson intended to mechanically invalidate all orders granting awards contemplated under Rule 1.611 upon the sole reason that applications for such awards were not accompanied by financial statements, when the evidence is competent and substantial in support of the awards. Appellant makes no argument that he was prejudiced by not being furnished with the statement. Indeed, for at least one year following the marital dissolution, appellant’s income increased substantially, although it later decreased. In the absence of a showing that appellant was prejudiced by not being furnished prior to the hearing the financial statement, when the petition for modification generally alleged changes in circumstances, we refuse to invalidate the order granting the petition for modification and increasing the support award. The order of modification is affirmed.
McCORD, Acting C. J., and LARRY G. SMITH, J., concur.